**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBIN LYNN BIRDSONG VINCENT, | No. 22-15941 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-00926-KJN |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Kendall J. Newman, Magistrate Judge, Presiding

Submitted April 17, 2023**
San Francisco, California

Before: CALLAHAN and BUMATAY, Circuit Judges, and BOLTON,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Susan R. Bolton, United States District Judge for the District of Arizona, sitting by designation.

Robin Lynn Birdsong Vincent appeals from the district court's order affirming the Commissioner of Social Security's denial of disability insurance benefits. "We review the district court's order affirming the [Administrative Law Judge]'s denial of social security benefits de novo and will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Lambert v. Saul*, 980 F.3d 1266, 1270 (9th Cir. 2020) (simplified). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Vincent argues that the Administrative Law Judge ("ALJ") erred by finding that her mental impairments (generalized anxiety disorder and depression) were not severe as defined by the Social Security Act. In particular, she argues that the ALJ erred by rejecting the medical opinions of Drs. Covery and Caruso-Radin, who opined that Vincent should be limited to simple work.

The ALJ did not err when rejecting the medical opinions of Drs. Covery and Caruso-Radin. As required by the latest Social Security regulations, *see* 20 C.F.R. § 404.1520c(b)(2), the ALJ explained his view of the consistency and supportability of those medical opinions.[1] As for consistency, he found that Covery's and Caruso-Radin's proposed restrictions were inconsistent with the overall record, which otherwise suggested that Vincent's impairment was mild. He also noted that the

---

[1]   Although the ALJ's language was arguably imprecise, his reasoning is readily apparent. *See Woods v. Kijakazi*, 32 F.4th 785, 793 n.4 (9th Cir. 2022) (courts look to determine whether "the ALJ's meaning . . . is clear from context.")

opinions did not include some recent evidence that further suggested Vincent's impairments were non-severe. As for supportability, we find the ALJ's statement noting a lack of "actual mental status clinical findings" to refer to the absence of any detailed rationale underlying their findings. *See Batson v. Comm'r*, 359 F.3d 1190, 1195 (9th Cir. 2004) (upholding, under the previous set of regulations, an ALJ's rejection of conclusory medical opinions that were contradicted by other medical evidence). Vincent's arguments to the contrary are an invitation to reweigh the evidence which we cannot accept. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.")

With Dr. Covery and Caruso-Radin's medical opinions discounted, the ALJ had substantial evidence to conclude that Vincent's mental impairments were non-severe. The ALJ cited record evidence showing that Vincent was frequently in good spirits, engaged, and progressing at her therapy sessions. The ALJ also considered that Vincent sometimes failed to take her medication, suggesting that her impairments were less severe than alleged. And the ALJ noted that Vincent was able to work as an Uber driver until COVID-19 caused her to stop. He also considered contrary testimony that Vincent was experiencing memory problems and was sometimes tearful during therapy sessions. Although Vincent offers examples

of evidence supporting her position, nothing in this record requires us to reverse the

ALJ's decision.

The district court's order is **AFFIRMED.**